Dear Ms. Carter:
This office is in receipt of your request for an opinion of the Attorney General in regard to dual officeholding. You indicate you are the Assistant Chief of Police for the Town of Logansport and interested in running for the DeSoto Parish Police Jury from Mansfield, Louisiana District 4-B. You ask whether you can simultaneously hold a position in the Logansport Police Department and an elected position as a Police Juror.
R.S. 42:61 provides that the Dual Officeholding Law was enacted to "maintain a high level of trust and confidence by the general citizenry in public officials, employees and governmental decisions of the government of this state and of its political subdivisions by defining and regulating dual employment and by defining, regulating, and prohibiting dual officeholding." R.S.42:63(D) sets forth the following:
 No person holding an elective office in a political sub-division of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. In addition no sheriff, assessor, or clerk of court shall hold any office or employment under a parish governing authority or school board, nor shall any member of any parish governing authority or school board hold any office or employment with any sheriff, assessor, or clerk of court.
The significant question to be answered is whether the full-time position as Assistant Chief of Police is an appointive office rather than employment as defined in the dual officeholding statute in R.S. 42:62. The definitions therein are as follows:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. (Emphasis added.)
 (3) "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
We find in R.S. 33:423, Duties of Marshal, it is mandated in a municipality governed by a mayor and board of aldermen form of government that the elected chief of police "shall make recommendations to the mayor and board of aldermen for appointment
of police personnel". However, this office has found under the definitions of the dual officeholding law "to be an appointed office, the position must be expressly authorized by constitution or statute or ordinance. It must be created by operation of positive law rather than administrative act or even executive order. If the office created by law is filled by appointment by a public official or public body, it is an appointive office. Otherwise, it is employment." Atty. Gen. Op. No. 90-312. In support of the conclusion "if the office is authorized or created by positive law, it is appointive", the latter opinion further noted that Atty. Gen. Op. No. 86-432 had found that the position of fire chief was not authorized by the Special Charter of Minden nor by ordinance, and the administrative act of the mayor and city council in selecting an individual for the job was not an appointment under R.S. 42: 62(2), and the fire chief was an employee. However, this office found the coroner's investigators were authorized by statute wherein R.S. 33:1555 specifically provides that the "coroner may appoint * * * investigators" and this meets the requirements of R.S. 42:62(2) for appointive office.
We have been informed that the position of Assistant Chief of Police is an administrative decision of the Chief of Police and the position is not created by ordinance. Therefore, we would conclude that the action of the mayor and board of aldermen in approving an individual recommended as a assistant chief of police is an administrative act and is not an appointment under R.S.42:62(2) of a position speficically established by law. It is employment.
We further find that R.S. 42:63(D) prohibits a person holding elective office in a political subdivision of the state to "hold at the same time employment in the government of this state, or inthe same political subdivision in which he holds an electiveoffice." In this regard we recognize that the position as a police juror for DeSoto Parish is in a separate political subdivision than the position of a police officer in the Town of Logansport so the latter employment does not fall within the purview of the prohibition of holding employment in the same political subdivision as the elective office.
Accordingly, we find nothing in the dual officeholding law which prohibits holding the position of a police juror for DeSoto Parish and full-time employment in the Police Department of The Town of Logansport.
We hope this sufficiently answers your question.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: BARBARA B. RUTLEDGE
Assistant Attorney General
BBR